IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THE BRENNAN LAW FIRM, P.C.,**

**Plaintiff,**

**v.**

**NORFOLK SOUTHERN RAILWAY,
COMPANY, a corporation, and
FAERBER & ANDERSON, P.C.,**

**Defendants.**                                            **No. 05-CV-742-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is The Brennan Law Firm, P.C.'s motion to remand (Doc. 6). Defendant Faerber & Anderson, P.C., object to the motion (Doc. 10). Based on the pleadings, the applicable law and the following, the Court **GRANTS** the motion to remand as the removal was defective.

On September 14, 2005, The Brennan Law Firm, P.C. ("Brennan"), filed an Amended Petition to Adjudicate & Enforce Attorney's Lien against Norfolk Southern Railway Company ("Norfolk") and Faerber & Anderson, P.C. ("Faerber"), in the Circuit Court of St. Clair County, Illinois (Doc. 2). Brennan seeks an adjudication of the amount of its attorneys' lien versus the amount of Faerber's attorneys' lien in a case pending in the City of St. Louis, Missouri, styled *Edward*

*Kirst v. Norfolk Southern Railway Co.*, 042-07290.[1] On October 13, 2005, Faerber removed the case to this Court based on diversity jurisdiction, **28 U.S.C. § 1332** (Doc. 1).[2] Faerber's notice of removal states that "Consent for removal from Norfolk Southern Railway Company is unnecessary because Norfolk Southern was fraudulently joined." (Doc. 1, ¶ 9).

On November 2, 2005, Brennan filed a motion to remand arguing that the Court lacks jurisdiction because the amount in controversy is insufficient to meet the jurisdictional amount under 28 U.S.C. § 1332 and because Norfolk did not join in or consent to the removal. In response, Faerber argues that the amount in controversy has been met and that Norfolk was fraudulently joined so that its consent was not needed.[3]

## II. Analysis

Both a lack of subject matter jurisdiction or a defect in the removal procedure would require remand of the action to state court. **28 U.S.C. § 1447(c)**.

---

[1] On January 21, 2004, Kirst retained Faerber to represent him in the underlying suit. On or about September 8, 2005, Kirst terminated Faerber. The next day, Kirst hired Brennan to represent him in the suit against Norfolk.

[2] The Notice of Removal claims jurisdiction only on the basis of diversity jurisdiction. The record does not reveal federal question jurisdiction. The allegations of the Amended Petition is based on a state law cause of action.

[3] As a preliminary argument, Faerber argues that the motion to remand is moot because Brennan did not respond to its motion to dismiss filed on October 13, 2005 (Doc. 3). The Court rejects this argument as disingenuous. Before addressing the merits of a motion to dismiss, the Court must first determine whether it has subject matter jurisdiction over the cause of action. ***See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)**. Thus, it is proper for the Court to decide the motion to remand prior to deciding the motion to dismiss. However, the Court notes that it would have been prudent for Brennan to have filed a motion to stay briefing on the motion to dismiss pending a ruling on the motion to remand.

Furthermore, the propriety of removal is to be strictly construed against removal, with all doubts resolved in favor of remand. **See People of the State of Ill. v. Kerr-McGee Chem. Corp., 677 F.2d 571, 576 (7th Cir. 1982)**.

> Specifically, **28 U.S.C. § 1446(c)** provides in part:
>
> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a). . . .

Generally, a notice of removal is facially defective if it is not joined by all defendants or fails to explain why all defendants have not consented. **Shaw v. Dow Brands, Inc., 994 F.2d 364, 368 (7th Cir. 1993)**. It is well established that all defendants must either join in or consent to a notice of removal within the 30-day period provided by **28 U.S.C. § 1446**. **McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998)**. Failure to do so is a "defect in the removal procedure" within the meaning of **28 U.S.C. § 1447(c)**. In order to "join" the petition for removal, all defendants must support it in writing or explain why written support is unnecessary. **Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994)(citing Northern Illinois Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 272-73 (7th Cir. 1982)**. However, nominal parties need not join in the removal petition. **Shaw, 994 F.2d at 369**. A defendant is nominal if there is no reasonable basis for predicting that it will be held liable. **Id**. Therefore, the Court must determine whether Norfolk Southern Railway Company was fraudulently joined and thus a nominal party under **Shaw**.

It is well established that a party seeking removal bears a heavy burden in attempting to establish fraudulent joinder.  "The defendant must show that, after having resolved all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the ... defendant." **Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992).  See also Hoosier Energy Rural Elec. Coop., Inc., 34 F.3d 1310, 1314 (7th Cir. 1994) (quoting Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993) ("Fraudulent joinder occurs either where there is no possibility that a plaintiff can state a cause of action against ... defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts.").**

Here, the Court determines that the record does *not* support Faerber 's contention that Brennan is not seeking relief from Norfolk.  In fact, the Court finds that Norfolk is a necessary party because the Amended Petition asks the Court to adjudicate the lien which means that it would be directing Norfolk to place Faerber on the settlement draft or judgment and directing the parties then as to the amount of the lien.  The Court cannot enforce the lien unless the entity holding the proceeds upon which the lien is to be perfected is a party.  Thus, the record in this case does not support a finding of fraudulent joinder.  Based on the record before the Court, Norfolk did not consent or join in the removal, therefore, the removal is defective and improper and remand is warranted under **28 U.S.C. § 1447(c)**.[4]

---

[4]Because the Court finds that the removal is defective and improper, the Court need not address whether diversity jurisdiction has been met.

### III.  Conclusion

Accordingly, the Court **GRANTS** Brennan's motion to remand (Doc. 6) and **DENIES as moot** Defendant's motion to dismiss (Doc. 3).  Pursuant to **28 U.S.C. § 1447(c)**, the Court **REMANDS** this case to the Circuit Court of St. Clair County, Illinois.

**IT IS SO ORDERED.**

Signed this 9th day of December, 2005.

/s/          David RHerndon
**United States District Judge**